UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIOLET TIPPLE | CIVIL ACTION |
| VERSUS | NO. 18-8461 |
| TARGET CORPORATION OF MINNESOTA, ET AL. | SECTION A(5) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 10)** filed by Defendants Target Corporation of Minnesota and ACE American Insurance Company (hereinafter collectively referred to as "Defendants") set for submission on June 26, 2019. Plaintiff does not oppose the motion.[1] Having considered the motion and memorandum of counsel, the record, and the applicable law, the Court finds that Defendants' **Motion for Summary Judgment (Rec. Doc. 10)** is **GRANTED.**

### I.     Background

This matter arises out of Plaintiff's slip and fall at a Target Store location which occurred on December 19, 2016. (Rec. Doc. 10-2, p. 1). Originally filed in the 22nd Judicial District Court for the Parish of St. Tammany, Defendants removed the matter to this Court on September 7, 2018, pursuant to 28 U.S.C. § 1332, diversity jurisdiction. (Rec. Doc. 1, p. 3). Defendants now request this Court to dismiss the case on summary judgment.

### II.    Legal Standard

---

[1] Plaintiff's counsel telephonically communicated to the Court and Defendants' counsel that he lacks the evidence to pursue an opposition to the motion in good faith.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

**III.   Discussion**

Pursuant to Louisiana law, an essential element of a slip and fall claim is that "the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." LSA-R.S. 9:2800.6(B)(2). "Constructive notice" is defined as follows:

> [T]he claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not alone constitute constructive notice, unless it is shown that the

employee knew, or in the exercise of reasonable care, should have known of the condition.

LSA-R.S. 9:2008.6(C)(1). The Louisiana Supreme Court has held: "The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall." *White v. Wal-Mart Stores, Inc.,* 699 So.2d 1081, 1084 (La. 1997).

Defendants argue that Plaintiff lacks evidence that Target had actual or constructive notice of an unreasonably dangerous condition prior to her incident. (Rec. Doc. 10-2, p. 5). Defendants attach to the motion Plaintiff's deposition. (Rec. Doc. 10-6). When asked how long the puddle had been on the floor before she slipped, Plaintiff responded, "I have no idea." (*Id.* at 12). Plaintiff testified, "I recall them asking me, 'Where did this come from?' And I said, 'I don't know.'" (*Id.* at 10). When asked if she saw anything on the floor before she fell, Plaintiff answered, "I did not." (*Id.* at 11). Considering Plaintiff's deposition and lack of additional evidence, the Court finds that Plaintiff failed to establish a positive showing of the existence of the puddle prior to Plaintiff's fall.

## IV. Conclusion

Accordingly;

IT IS ORDERED that Defendant's **Motion for Summary Judgment (Rec. Doc. 10)** is **GRANTED**.

New Orleans, Louisiana, this 24th day of July, 2019

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE